## TAYLOR v ULLMAN

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 10031. Decided October 21, 1929

Messrs. Davis, Young & Vrooman, Cleveland, for Taylor.

Mr. Stephen M. Young, Cleveland, for Ullman.

### SULLIVAN, J.

The plaintiff in error insists that he had the signal light in his favor but in any event the mother and daughter had not yet crossed the intersection and whether the plaintiff in error was on the east side or the west side of East 4th St., appears to be immaterial for the reason that it is unchallenged that the mother and daughter were immediately in front of him while the automobile was standing still and therefore in a position where, regardless of signals, it was obvious that danger of collision could only be averted by waiting until the mother and daughter had crossed the intersection, or at least had disappeared from in front of the automobile.

It is argued that the judgment is excessive. The only testimony in favor of the plaintiff below was from the mother as the little girl was too young to testify, and the opposing testimony was from plaintiff in error, and as above noted, it was conflicting in its nature and we are not prepared to say, from an examination of the record, that the verdict and judgment is excessive.

In order to do so, under **The Toledo Railway & Light Co., vs Paulin, 93 OS. 396,** it would be necessary to find that the amount was not supported by the weight of the evidence, and for that reason is excessive, and if we should so find, we have authority to remand the cause for new trial, but there is no authorization on such ground to modify the judgment, otherwise we might consider that question, and in the case of **City of East Cleveland vs Wald, 17 O. Ap. 327,** it is again held that where the verdict is the result of passion and prejudice that the reviewing court has power to reverse the same on the weight of the evidence and the reason for this is that the verdict and judgment is excessive because not sustained by the evidence. In that case it may reverse the judgment or it may recommend a remittitur and if the same is consented to by the party claiming the judgment, of course that settles the question, but there is no claim of passion and prejudice in the case at bar.

In **Schendel vs Bradford, Admr. 106 OS. 387** it was held that the question of personal injuries sustained is an issuable fact determinable from the evidence. If the question of excessive damages is in the question, the weight of the evidence is involved, and if the judgment and verdict is clearly and manifestly against the same it may be reversed but not on the ground of passion and prejudice but on the ground that the verdict was not sustained by sufficient evidence and on page 393 of the same opinion the court holds that the supervision of the judgment as to whether too much or too small, is within the

power of the court, but it must be always borne in mind that there must appear from the record an insufficiency of evidence to support the reversal before the same can be done, unless the excessive verdict arises because of passion or prejudice which, as before stated, is not in this case. Of course passion and prejudice alone are sufficient to either modify or affirm.

We cannot say from the record in this case that there is not cerdible evidence in all essential details to support the verdict and for that reason and because of the authorities cited the judgment of the lower court is affirmed.

Holding these views the judgment of the common pleas court is hereby affirmed.

Vickery, J, concurs. Levine, J, not participating.